Filed 8/10/22 Shahidi v. Perfint Healthcare Corp. USA CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| RAMIN SHAHIDI, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> PERFINT HEALTHCARE CORPORATION USA et al., <br><br> Defendants and Respondents. | H047045 <br> (Santa Clara County <br> Super. Ct. No. 2012-1-CV-226639) |

Plaintiff was awarded punitive damages in this civil action. Defendants' sole contention on appeal is that the record lacks evidence of their financial condition to support the award. For the reasons stated here, we will affirm the judgment.

## I. BACKGROUND[1]

In 2012, Ramin Shahidi sued Perfint Healthcare Corporation USA, Perfint Healthcare PVT. LTD. (a foreign company), and Nandakumar Subburaman (the companies' chief executive officer) to recover approximately $150,000 in unpaid consulting fees for work performed advising defendants on how to develop a surgical software and robotics company. The complaint contained causes of action for reasonable value of services rendered, open book account, intentional misrepresentation, and

---

[1] We grant plaintiff's request for judicial notice of the trial court's October 16, 2018, March 27, 2019, and April 2, 2019, minute orders in this matter. We take judicial notice of the underlying complaint on our own motion. (Evid. Code, §§ 452, subd. (d), 459.)

negligent misrepresentation, and also sought punitive damages. The parties appeared through counsel at a trial setting conference in October 2018. Jury trial was set to begin on April 2, 2019, with a settlement conference scheduled for March 27, 2019. Plaintiff served defendants on March 13, 2019 with a notice to appear at trial with documents, including "[a]ll annual financial statements, ledgers, [and] tax returns for each individual, and all Perfint entities." Plaintiff and his attorney appeared for the March 27 settlement conference; neither defendants nor their counsel appeared, for which an order to show cause issued. The matter did not settle.

Plaintiff and his attorney appeared for trial on April 2. Defendant Subburaman did not attend the trial, and all defendants appeared only by counsel. The case proceeded to a court trial in their absence. As no party arranged for a court reporter, the trial was conducted without one. According to the court's minutes, plaintiff testified for nearly two hours, and was examined both by defendants' counsel and the court. Several of plaintiff's exhibits were admitted in evidence. Defendants presented no evidence. The matter was argued, and the court announced its decision from the bench.

Plaintiff prevailed on all causes of action. He was awarded $152,729.41 for services rendered, plus pre-and post-judgment interest. The court awarded punitive damages in the amount of $150,000 against defendant Subburaman personally and individually, and an additional $150,000 against the entity defendants. In its written judgment, the court found that defendant Subburaman "has the ability to pay" the punitive damages award "given his salary and net worth of the companies." The court found that plaintiff had served defendants with a notice to appear at trial with financial documents, and that defendants' failure to comply with the demand was without justification. The court found that defendants had "tak[en] advantage of Plaintiff Dr. Shahidi's brilliance and reputation, and his trusting the Defendants, in falsely promising Plaintiff that he would be paid for [his] time and efforts." Judgment was entered accordingly.

2

## II. DISCUSSION

Evidence of a defendant's financial condition is prerequisite to an award of punitive damages. (*Adams v. Murakami* (1991) 54 Cal.3d 105, 108–109 (*Adams*).) Without such evidence, "[a] reviewing court cannot make a fully informed determination of whether an award of punitive damages is excessive." (*Id*. at p. 110.) The plaintiff bears the burden of introducing evidence of a defendant's financial condition at trial. (*Id*. at p. 119.)

Relying on *Adams*, defendants argue plaintiff failed to provide evidence of their net worth sufficient to support the punitive damages award. Defendants contend none of the evidence at trial established their current financial condition. They argue that to the extent plaintiff testified regarding defendants' financial status, the testimony would have been based on inadmissible hearsay, and the information would have been outdated and irrelevant because plaintiff and defendants had no contact after the lawsuit was filed in 2012.

Defendants assert the error " '[i]s manifest on the face of the record,' " and requires reversal notwithstanding the absence of a reporter's transcript. Defendants point to the finding in the court's judgment that defendant Subburaman had the ability to pay $150,000 in punitive damages "given his salary and net worth of the companies." They complain the judgment made no findings about (1) defendant Subburaman's liabilities; (2) how the net worth of the companies impacted Subburaman's ability to pay punitive damages; and (3) the companies' ability to pay punitive damages. They argue the omissions are facial defects demonstrating reversible error.

We reject defendants' argument that error appears on the face of the record. Because " '[a] judgment or order of the lower court is *presumed correct*' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564), a reviewing court ordinarily infers any factual findings necessary to support a judgment. (*Ermoian v. Desert Hospital* (2007) 152 Cal.App.4th 475, 494.) To avoid this doctrine of implied findings, a party must

3

request a statement of decision and bring any omissions or ambiguities in the factual findings to the trial court's attention. (*Ibid.*; Code Civ. Proc., §§ 632, 634.) Defendants did not request a statement of decision and therefore cannot rely on omissions in the judgment to show error. (*Denham*, at p. 564 [" 'All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown' "].) The judgment here is distinguishable from that in *Cooper v. County of Los Angeles* (1975) 49 Cal.App.3d 34, cited by defendants. According to the court of appeal, the findings and conclusions in that case "indicate[d] that the trial court was proceeding on the basis of an incorrect interpretation of the language of section 21170 of the Public Resources Code and thus do not support the judgment." (*Id.* at p. 40.) Here there is no comparable misapplication of law "manifest on the face of the record." (*Ibid.*)

We also reject defendants' challenge to plaintiff's testimony in support of the punitive damages award as based on hearsay and stale information about defendants' finances. Defendants have forfeited their evidentiary error claims by proceeding on appeal without a reporter's transcript, without an agreed statement prepared by the parties, and without a settled statement prepared by the trial court. (Cal. Rules of Court, rules 8.120(b) ["If an appellant intends to raise any issue that requires consideration of the oral proceedings in the superior court, the record on appeal must include a record of these oral proceedings" in the form of a reporter's transcript, an agreed statement, or a settled statement].) The appealing party has the burden to provide an adequate record to the reviewing court to establish error. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.) Failure to provide an adequate record for appellate review requires that the reviewing court resolve the issue against the appellant. (*Id.* at p. 575.) Nothing in the record before us reflects an excessive punitive damages award.

We will affirm the punitive damages award on the additional ground that any deficiency in plaintiff's evidence was caused by defendant Subburaman's failure to

4

comply with plaintiff's timely request for defendants' financial records. In upholding a punitive damages award without evidence of the defendant's financial condition, the court in *Mike Davidov Co. v. Issod* (2000) 78 Cal.App.4th 597, 600 (*Davidov*) explained that by disobeying a proper court order, the defendant had improperly deprived the plaintiff of the opportunity to meet his burden of proof. "[B]y failing to bring in any records which would reflect his financial condition, despite being ordered to do so, and by failing to challenge that ruling on appeal, defendant has waived any right to complain of the lack of such evidence." (*Id*. at pp. 608–609.) Punitive damages were similarly upheld in *Green v. Laibco, LLC* (2011) 192 Cal.App.4th 441, 453 (*Green*), where "[t]he jury did not have information about defendant's net worth because defendant's CEO engaged in stonewalling, pure and simple, from beginning to end." Those cases are analogous to the circumstances here.

In lieu of a trial subpoena, Code of Civil Procedure section 1987, subdivision (b) authorizes personal service on a party's attorney of a notice requesting a party witness to attend trial. A notice under that subdivision served at least 20 days before trial may include a request that the party bring with him or her "materials or things desired" in the party's possession or control. (Code Civ. Pro., § 1987, subd. (c).) Here, 20 days before trial, plaintiff served on defendants' attorney a notice for defendant Subburaman to attend trial with financial documents, including all "annual financial statements, ledgers, tax returns, for each individual, and all Perfint entities." Subburaman did not attend trial, and the court found no justification for his failure to comply with plaintiff's demand for documents.

Defendants argue that *Davidov* and *Green* are inopposite because there the defendants were given sufficient time to produce financial information *after* the trial court had made liability findings. The defendant in *Green* was ordered to provide the court with a current statement of his financial condition " 'on the day of trial.' " (*Green*, *supra*, 192 Cal.App.4th at p. 449.) The court did not ask the defendant for the statement

until several days later, after finding the defendant had acted with malice, oppression, or fraud. (*Ibid*.) The statement was provided at that time, but it was not " 'condensed, compiled, [or] summarized,' " and the defendant's CEO was unable to extract the defendant's financial worth from the document. (*Id*. at pp. 449–451.)

The *Davidov* court observed that under Civil Code section 3295, subdivision (c) (which as a general rule does not permit pretrial discovery of a defendant's financial condition to prove punitive damages), the trial court may " '*at any time*,' [] enter an order permitting the discovery of a defendant's profits and/or financial condition, if the plaintiff has established that there is a substantial probability that he or she can prevail on a claim upon which an award of punitive damages can be based." (*Davidov*, *supra*, 78 Cal.App.4th at p. 609.) The court continued: "While it is true that subdivision (c) states that such an order may be made '[u]pon motion by the plaintiff supported by appropriate affidavits and after a hearing,' that subdivision clearly presupposes that such motion procedure is required *where the plaintiff has not actually prevailed on his or her claim at trial*." (*Ibid*.) Rejecting the argument that the plaintiff's failure to conduct pretrial discovery of the defendant's financial records (among other things) precluded an order requiring defendant to produce financial records at trial, the *Davidov* court explained that the "affidavit-and-hearing procedure" was superfluous once liability had been determined. (*Ibid*.) "So long as the trial court allows the defendant sufficient time, following a determination of liability, to collect his or her financial records for presentation on the issue of the amount of such damages to be awarded," the trial court may order a defendant to produce evidence of his or her financial condition after determining liability for some amount of punitive damages. (*Ibid*.)

Rather than allowing unfettered pretrial discovery regarding a defendant's finances based purely on a complaint for punitive damages, Civil Code section 3295, subdivision (c) provides for a plaintiff to obtain evidence of a defendant's financial condition by subpoenaing documents or witnesses for trial. That is precisely what

occurred here. Defendant Subburaman was properly noticed to appear at trial with documents in his possession relevant to defendants' financial condition. The notice, which was personally served on defendants' attorney, provided 20 days for Subburaman to compile the requested information. Defendants had the opportunity at that time to challenge the notice by serving written objections and requesting a hearing. (Code Civ. Proc., § 1987, subd. (c).) By failing to object in the trial court, defendants have forfeited their right to contest the evidentiary foundation for the punitive damages award.

## III. DISPOSITION

The judgment is affirmed. Costs are awarded to respondent by operation of California Rules of Court, rule 8.278(a)(1).

_____

Grover, J.

**WE CONCUR:**

_____

Greenwood, P. J.

_____

Lie, J.

H047045 - *Shahidi v. Perfint Healthcare Corporation et al.*